My pleasure to introduce third-year law student Jessica Matsuda and Brian Warren at Washington Lee University School of Law, who will be arguing the case under my supervision. Good morning, your honors. May it please the court. Jessica Matsuda on behalf of the appellant in this case, Mr. Darwyn Lee Payne. Your honors, this court should fulfill the remedial purpose of the First Step Act by reversing the lower court and freeing Mr. Payne from his unjust felony sentence. Five years of Mr. Payne's life were taken for simple possession of crack cocaine. And even now, after he has served those years, the brand of felon continues to punish him, preventing him from federal employment. Well, the key phrase there is after he has served those years. And how can a district court reduce a sentence that's already been served? And that's all the act permits is reduction of sentence, correct? Jessica Matsuda No, your honor, it doesn't. And the language in the act that points us to this conclusion is in Section 404B itself. And that language gives the court the ability to impose a reduced sentence onto Mr. Payne under the Fair Sentencing Act. And what language is that? Jessica Matsuda That language in 404B, your honor, which is the court may impose a reduced sentence onto Mr. Payne under the Fair Sentencing Act. But how can the court impose a reduced sentence on a sentence that has already been served? Jessica Matsuda Well, your honor, there is still a part of Mr. Payne's original sentence that continuously penalizes him. That's that felony status that was eliminated by the Fair Sentencing Act. And the word impose here is... It's inextricably tied to his sentence, your honor. William J. Perry No, Judge Thacker's point is, I think, the crucial one. A sentence is something pronounced by a court. And the court pronounced the sentence here. And the sentence that is pronounced by the court, the key word is sentence. The in every situation, a sentence that has once been imposed, is going to have some long term consequences because employers or whatever, may look back at someone's record. So the sentence is imposed by the court. And once the sentence has been served, there's nothing  Jessica Matsuda Well, your honor, for Mr. Payne, there is something still to be reduced in this case, because there is still a penalty attached to his sentence that is inextricably tied to the statute of conviction he was imposed under. William J. Perry No, but whatever was imposed by the court has been served. And that's the statutory language. The statute does not talk about inextricably tied or whatever. You're simply adding a gloss. And the question is, it's not only the question of sentence. You've got to look at the word reduce. And how do you reduce something that's already at zero? Jessica Matsuda Well, your honor, the penalty still can be reduced because for a simple possession offender, that penalty was changed to misdemeanor status, which is what Mr. Payne seeks in this case. But to speak further on the word imposed, your honor, this circuit read that word broadly in Collington versus United States. Now, in that case, the word imposed was meant to give a broader greater authority to the lower court, not just as a reduction or modification, but a new sentence under the Fair Sentencing Act in order to get rid of the unjust and unfair penalties under the old scheme. That's exactly what will happen. Is there any case in which a court has reclassified a felony conviction to a misdemeanor conviction on any basis, whether it's the First Step Act or otherwise? Jessica Matsuda No, your honor, it would be this case, which is appropriate because the First Step Act gives Mr. Payne this mechanism, not just to reduce time as another statute would say, Section 3582C2, specifically uses the words reduce the term of imprisonment. Those words are not used in the First Step Act. That's what this court pointed out in Collington, giving the lower court a greater remedy, a more broad remedy to correct a broad injustice, which was this unfair punishment under the older scheme, something that the Fair Sentencing Act corrected by reducing the statutory maximum from 20 years to one year. And it is a simple resentencing under the First Step Act that gets Mr. Payne to that statute. Can you help me a little bit with maybe what sort of a subsidiary idea, but one that strikes me as maybe relevant? Most of the complaints that you have about his felony status stem from Virginia law, right? So the Virginia limitations, not exclusively, but lots of them, or stem from federal law. Those seem to be the two, but the focus seems to be on Virginia law. Can you talk to me a little bit about how Virginia determines whether an out of jurisdiction conviction counts as a felony, just in a run of the mill case, right? If Virginia gets a South Carolina conviction and they're trying to determine whether this felony prohibition applies, what are the rules, or what is the manner in which you believe Virginia undertakes to determine whether an out of jurisdiction conviction counts as a felony, or instead counts as a misdemeanor? Well, I believe, Your Honor, it's the same as the federal status, which would be a sentence being convicted under a statute where the statutory maximum is over one year, which is statutory maximum of under one year would be a misdemeanor. So I guess, I mean, maybe, but that seems odd to me. And at least the case law I found doesn't seem to suggest that they look to the federal system. So if they're looking for a South Carolina conviction, for example, South Carolina has a number of convictions that are 10-year misdemeanors. So in other words, you can get punished for 10 years, and yet it is classified under South Carolina law as a misdemeanor. And it seemed to me that Virginia would treat that by reference to the South Carolina jurisdiction, the manner in which South Carolina treats that. And so I guess I'm just curious, because then the question is, is that also true in the federal context? And then if we're looking at how federal law characterizes that, does that really help you here? Well, it does, Your Honor, because federal law characterizes it in the way I've described, where if he is sentenced under the new statutory maximum, he is a misdemeanor because it's under a year, and that would directly affect his federal collateral consequences. Except federal law says it's the available sentence at the time of sentence, right? Sort of. At the time of the conviction here, he was eligible for five years. And so even if, I guess what I'm getting at is, even if you assume away Judge Thacker's good concerns, we still are left in a situation where at the time of his conviction, he was eligible to receive more than a year. And so I don't think it helps you, even if you get past Judge Thacker's doubt a little bit. Well, Your Honor, when he is re-sentenced under the First Step Act, it is a new sentence. So at that point, he does become a misdemeanor because the new statutory maximum is one year. And to the points that Judge Thacker made, if that is made available to him as the First Step Act intended retroactively, it does retroactively- No, the question is that when you look at the statute, you're supposed to only disturb the finality of the sentence, of any sentence, if Congress has expressly authorized it. And those words expressly authorized are important because there is nothing that is expressly authorized to reduce a sentence that has been served. And if it was expressly authorized, it would seem that some court somewhere would have adopted the argument that you've made. But as I understand it, we all consider this to be an issue of first impression. Is that right? Yes, Your Honor. And two answers. All right. Well, what I'm saying is if it's an issue of first impression, whenever I hear those words, I'm thinking it's an issue of first impression because every litigant has had the prudence not to raise the issue and no court has had the temerity to authorize by statute and by Congress. And however you read this, you seem to read it one way, I don't necessarily think that's right at all. But it falls far short of an express authorization to modify a sentence that has been served and that is no longer capable of reduction because it's already at zero. The sentence pronounced by the court is that it's been served, it's at zero and you can't reduce zero. And the word reduction there, it's not only the word. And all that language goes against you. Yes, Your Honor. I will say that the word reduced does modify the word impose, which there is a reduced sentence available to Mr. Payne. And to your point about the express authorization, Your Honor, it is our position that the natural language statute is broad enough in this circuit to encompass this relief. But even to that point, Your Honor, this argument that the government raises about express authorization limiting the statute, which is really from language in section 3582 C1B. But that carries, the argument carries across the board. But I think that there's another, in addition to the textual problems that confront you, I think there's a separation of powers argument. And that is that we are talking about a classification. And that is something that is the legislature. And a sentence is something that is imposed by the court. These are two very different forms of authority. The legislative authorization, which classifies something as a misdemeanor or felony. And then there is the sentence imposed by the court. And if we start redoing legislative classifications, it seems to me we are encroaching on the Well, you wouldn't be, Your Honor, because the legislator changed the statutory maximum itself in the Fair Sentencing Act. And then made that change retroactive so the courts could impose new sentences under the First Step Act. To your point, Your Honor, there are- Can I ask you about that? Is that, do you read, so I don't read it as doing that. And that's why I'm a little, this is maybe a different version of the confusion. Because it doesn't actually make it retroactive, right? What it says is that you should impose a reduced sentence as if- New statutory maximum applied. Not that the statutory maximum did itself apply, right? This as if, right? It's sort of a, you should pretend as if it was retroactive, not it actually is retroactive. And so at least from a congressional standpoint, that means that it hasn't made the statutory maximum retroactive. It's just told judges to treat it to pretend like it is. Well, Your Honor, it makes it available to someone like Mr. Payne to get the fair resentencing under the retroactive statute, as long as he meets the eligibility requirements, Your Honor. And there are- Yes, that's right. It lets him get, it lets the judge pretend like the maximum is one, but it's not really one, right? We're just pretending that it is, right? So even if you get, we're sort of going through a number of different hoops that are problems for you, but even if you get there, it seems a little hard to say that his statutory maximum today, right? If we look at that question sort of abstractly, even after the First Step Act, his statutory maximum is still five years. A court is instructed to pretend like it's one year. Yes, Your Honor. Right? But that's just pretending, right? And so if we're asking the question of whether the statutory maximum is one or five, the answer to that question is five. No, Your Honor. It is the resentencing under the Fair Sentencing Act that actually gives any retroactivity, which this court has read the First Step Act statute to do, to someone like Mr. Payne. It's not simply pretending. It's fully resentencing under this. But the problem is there's a very limited grant in the First Step Act. Retroactivity is granted under a very limited set of conditions for a very limited number of offenses, which are tied to the Fair Sentencing Act of 2010. And the difficulty here is that you want a sweeping view of retroactivity, which would have courts look at long stale convictions in an effort to reclassify them in some sort of way. And you're asking us to step into an area and to reposition government resources and law enforcement resources more and more into retroactivity and to the long stale sentences that have already been served. And that, again, encroaches on legislative authority, which has provided no such retroactivity. And if we follow you, we're going to be modifying an already imposed and served sentence. And we are going to reposition and reallocate prosecutorial and law enforcement resources without any legislative authorization. And that just seems to me there's no wonder this is an issue of first impression because nobody thought it was even a viable issue. Your Honor, I see that my time is up. May I... You have some rebuttal time. ...answer that question. For these honors, we'd ask the court to reverse. Thank you. Good morning, and may it please the court. Jacqueline Bechara for the United States. As your honors have observed, there is no court that has used the First Step Act or the Declaratory Judgment Act to change the classification of a valid pre-fair sentencing act offense involving crack cocaine. The district court correctly concluded that it could not do so here. To begin, Section 404 is a sentence reduction statute in which Congress authorized a narrow form of relief, specifically that a court that imposed a sentence for a covered offense may impose a reduced sentence. But it's inconceivable looking at that language with its emphasis on reduction and sentencing that Congress somehow meant by that language to reduce sentences that have already been served. You simply cannot draw that conclusion from this language. That's correct, your honor. The statute does not expressly permit that type of relief as required under 3582C1B to escape the presumption... Aren't the negative consequences that Mr. Payne is suffering now precisely the sorts of things Congress intended to address with the First Step Act and the Fair Sentencing Act? Your honor, members of Congress certainly recognize that individuals sentenced under the Pre-Fair Sentencing Act crack penalties continue to suffer collateral consequences. But there is absolutely no discussion anywhere in the legislative record that any member of Congress contemplated that this statute would allow a court to change the classification of a valid conviction. Congress was concerned clearly and consistently throughout the record, they were concerned about people serving long prison sentences. And so they enacted a targeted form of relief, which would allow a person serving a prison sentence for a Pre-Fair Sentencing Act crack offense to apply to the court that sentenced them for a sentence reduction on an individualized basis. But there's simply no evidence that Congress contemplated that this type of relief would be available. And that is reinforced by the plain text of the statute, which does not authorize the court to change the classification of a conviction. One thing that always concerns me because I always look over my shoulder at the Supreme Court. And I've been reversed by the Supreme Court many times during my service. But I've always felt that the position I took was at least an arguable one before the Supreme Court. And in this case, I never went and put forward a position where I felt that the chances of reversal was 99.9%. And what I would say is there are reversals where you look at it and say, well, you know, people could look at this in both ways and everything. And that's your normal reversal. But then there's another kind of reversal, which is a rude reversal. And those you don't forget and the court doesn't forget because the rude reversals are reputationally damaging, whereas the normal reversals are within the good bounds of reasonable and legitimate argument. And, you know, I just feel like he's inconsistent with my position as an inferior judge to sort of wing it and send up something to the Supreme Court that he would make such short work of. That's, you know, you estimate the chances of this position ever succeeding with the Supreme Court. They're very, very slim. Do you understand the point I'm trying to make? Yes, Your Honor. We agree, of course. And I would just reiterate that this would seriously undermine the strong presumption of finality in federal sentencing. Can you talk for a second about the... Assume your basic argument here is right. And the manner in which we ought to think about that from a sort of decisional perspective, do you think that that is mootness? So in other words, if this court is unable to... Or I should say the district court is unable to grant relief that is being sought, that that means it's no longer redressable in this criminal action and therefore it's moot. Is that the right way to think about it? Or do you think that we should think about it some other sort of jurisdictional or non-jurisdictional manner? Your Honor, I recognize that we did not press a mootness argument in the briefing. So to the court... Could you speak up? I'm interested in hearing you. Go ahead. Sure. Can you hear me, Judge Wilkinson? Yeah. I'm just interested in hearing your answer to Judge Richardson's question. Okay. I just started by saying that we did not press mootness in the briefing. I'm aware of that. However, the court has an independent obligation to assure itself of jurisdiction at all points in the litigation. So if the court would like supplemental briefing, the government is happy to provide that. But to get to the merits of your question, to the extent the court agrees with the government that the statute simply does not authorize the form of relief that the defendant is requesting, then the court could analogize to the Second Circuit's decision in Martin, that reasoning, as well as the other unpublished Court of Appeals decisions, which have all concluded that because Section 404B does not authorize a court to reduce a completed sentence for a covered offense, there is no further... That any injury the defendant continues to suffer from his covered offense is not redressable by the court in that way that the issue is moot. The court could resolve this case in that way. And is understanding that this was not the manner in which the United States briefed it before, you know, you're an officer of the court and you've thought really hard about this. And so, we want your wise counsel on it too. Is that what you believe is the correct way now that you've seen these different arguments? Is that the correct way to do it? Or do you think that is not the correct way to do it? I mean, all these are assuming that you're right on the merits and this is the hypothetical, right? Of course. I think that would be the correct way to dispose of the case because his injury is simply not redressable by any relief that this court or the district court could grant. Thank you. If the court has no other questions as to First Step Act, I'll just briefly address the Declaratory Judgment Act. As the court, I'm sure is aware. We probably need to speak into the microphone for Judge Wilkinson. Thank you, Judge Thacker. Thank you, Judge Thacker. I appreciate that. The Declaratory Judgment Act allows a court to declare the rights and other legal relations of any interested party. But the Supreme Court has made clear that the statute's operation is an alter substantive rights. What the defendant is requesting in this case is a substantive change in the classification of his offense. The Declaratory Judgment Act simply does not authorize a district court to do that. Further, the requested relief would conflict with the saving statute, which preserves the penalty that he incurred at the time that he engaged in the underlying offense. If the court has no further questions, we ask that you affirm. All right. Thank you very much. Counsel, you have some rebuttal time. Good morning. Brian Warren on behalf of the appellant. I want to start from a different position. I don't believe the government has answered the question of what relief is available to those convicted of simple possession of crack cocaine. We believe that under the government's reading, they would create a nullity in the statute, which would render it void, at least for those convicted of simple possession of crack cocaine. It would make a nullity of the statute? At least regarding those convicted of — What about all the petitioners who have received relief under the First Step Act? How would that make a nullity of the statute, given the large number of people that have had their sentences reduced? And, Your Honor, it's the nullity just for those convicted of simple possession of crack cocaine. Under the data that we presented that was from the Sentencing Commission, of the 186 people sentenced — I'm sorry. I just want to understand. I saw this argument in your brief, and frankly, I wasn't able to follow it. The argument is that any time a category — that means it's a nullity with respect to that category. That's what a statute that doesn't apply to a category means. But we don't call that a nullity because it applies to lots of other categories of people. A statute is a nullity in a scenario where it doesn't apply it to anybody. And here, as Judge Wilkinson points out, this statute applies to lots and lots of people. Like those of us that sit up here, we see lots of these cases, and our good friends on the district court see an inordinate number of these cases. And so the fact that it doesn't cover some group doesn't make the statute a nullity in any respect. Your Honor, it would make the entire portion of the statute that was meant to apply to simple possession offenders — it would render it meaningless for those offenders. No, it just would mean that the first step — I mean, I don't think you're right on the premise, but even if you were right on the premise, it would just mean that the First Step Act didn't effectively make retroactive the part of the Fair Sentencing Act that addressed that issue. Well, Your Honor — It still applies to simple possession offenders who have not yet completed their sentence. And according to our data that's from the Sentencing Commission, there's no individual who was convicted of simple possession that would still be serving their time at the enactment of the First Step Act. So when we look at the purpose of the First Step Act, which this court has departed from the other circuits and interpreted — Wait, but that's based on your assumptions that the conviction in — that there were convictions in 14 to 18 — I'm trying to remember the statistics you used — that you suggested, well, it was unlikely that someone would still be in prison, right? So you eliminated the people that were convicted pre-14. I don't have the brief in front of me. 2005 to 2010, Your Honor, before fair sentencing. Right. And it might be that it's unlikely, right, that somebody's there. But our point is, okay, but what is that? That doesn't render the whole First Step Act a nullity. It just means that it didn't effectively make that portion of the Fair Sentencing Act retroactive. Your Honor, I would, in tandem with this argument, look at the purpose of the First Step Act. And as this court held in Collington, and has repeated from Wershing to Chambers and other First Step Act cases, that the First Step Act is a broad remedial statute intended to correct the unjust disparities between crack cocaine and powder cocaine. And this court has sought to avoid contravening that intent. And so by narrowly interpreting the First Step Act not to allow a district court to reduce an already completed sentence would be including more limitations than there are in the statute. Additionally, when we look at the text of the First Step Act, as the court noted in Collington, that the work imposed allows a district court to impose a new reduced sentence. So it's not reducing this, it's allowing the court to impose a sentence that would be different from the sentence that was originally imposed, which would mean that the individual here, Mr. Payne, would be able to reduce his five years, three months, and three years of supervised release to a punishment that would be under a year. And speaking to Judge Thacker's point about the collateral consequences... But you do agree that whether something is a felony does not depend upon the sentence received. That's correct. Which is why under the Fair Sentencing Act, that Mr. Payne's conviction, his statute is a misdemeanor. And so if you were to be... But again, let me go... This is why I asked your colleague this, and I'll give you the chance to respond to it. The First Step Act doesn't make the Fair Sentencing Act retroactive. It tells judges to pretend like it is. And so it doesn't actually make the conviction a misdemeanor. It just tells courts to pretend like it is when you're imposing a new sentence. Your Honor, respectfully, I don't think that's what this court noted in Collington or in Chambers. But I think it explicitly stated that the First Step Act made the Fair Sentencing Act retroactive. And for these reasons, we believe that you all should... That the Fourth Circuit should reverse the decision of the lower court. Thank you. Thank you very much.
judges: J. Harvie Wilkinson III, Stephanie D. Thacker, Julius N. Richardson